UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T.U., a minor child, by and through her Next Friend, REGINA DAVIS, ET. AL, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) | Case No.4:09CV266SNLJ |
| THE BOARD OF EDUCATION OF THE CITY OF ST. LOUIS, ET. AL., ) ) ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Minor plaintiffs have filed this multicount §1983 and state-law claims action arising from the alleged sexual harassment/molestation by a former St. Louis public school teacher. This matter is before the Court on the defendants Board of Education and St. Louis Public School District's[1] motion for partial judgment on the pleadings [15], filed August 14, 2009. Responsive pleadings have now all been filed and the matter is ripe for disposition.

When considering a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, the Court must accept all of the factual allegations set out in the complaint as true and construe the complaint in a light most favorable to the plaintiff. Ashley County, Arkansas v. Pfizer, Inc., 552 F.3d. 659, 665 (8th Cir. 2009); Wishnatsky v. Rovner, et. al., 433 F.3d. 608, 610 (8th Cir. 2006); Waldron v. Boeing Co., 388 F.3d. 591, 593 (8th Cir. 2004); Faibisch v. University of Minnesota, 304 F.3d. 797, 802 (8th Cir. 2002). Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved, and the movant is entitled to judgment as a matter of law. Ashley County, at 665; Wishnatsky, at 610; Waldron, at

---

[1]These defendants shall be collectively referred to as the "District Defendants".

593; Fabisch, at 802. The standard for judgment on the pleadings is the same as that for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Ashley County, at 665 *citing* Westcott v. City of Omaha, 901 F.2d. 1486, 1488 (8th Cir. 1990). When considering a motion for judgment on the pleadings, "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d. 1077, 1079 (8th Cir 1999)(internal citations omitted); *see*, Noble Systems Corp. v. Alorica Cent., L.L.C., 543 F.3d. 978, 982 (8th Cir. 2008); Fabisch, at 802; Missouri ex. rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d. 1102. 1107 (8th Cir. 1999). Should a court consider matters outside the pleadings, a motion for judgment on the pleadings "shall be treated as one for summary judgment." Rule 12(c) Fed.R.Civ.P. "However, any error in a district court's failure to treat a motion for judgment on the pleadings as one for summary judgment `is harmless if the nonmoving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record.'" Surgical Synergies, Inc. v. Genesee Associates, Inc., 432 F.3d. 870. 873 (8th Cir. 2005) *quoting* Kerr v. Fed. Emergency Mgmt. Agency, 113 F.3d. 884, 885 (8th Cir. 1997)(internal citations omitted).

In the instant matter, defendants argue that the plaintiffs' claim for negligence (as contained in Count III of the Complaint) should be dismissed because the District Defendants are entitled to tort immunity under Missouri's sovereign immunity statute, §537.600 R.S.Mo. Plaintiffs contend that the instant motion is premature because the pleadings are not "closed" and no Case Management Order (CMO) has been issued. They further argue that as "municipal corporations", the District Defendants are not entitled to the protection of Missouri's sovereign immunity statute.

After careful consideration of the matter, including review of the parties' pleadings, Missouri's sovereign immunity statute (§537.600 R.S.Mo.), and the relevant caselaw, the Court determines that the District Defendants are entitled to tort immunity for the plaintiffs' negligence claim pursuant to Missouri's sovereign immunity statute, §537.600 R.S.Mo.

Firstly, plaintiffs contend that this Court cannot entertain a motion for judgment on the pleadings prior to the issuance of a CMO. They fail to cite any caselaw or statutory authority for this argument. On the contrary, once an answer is filed, the pleadings are "closed" for purposes of Rule 12(c) Fed.R.Civ.P. *See*, Doe v. U.S., 419 F.3d. 1058, 1061 (9th Cir. 2005); Burbach Broadcasting Co. of Del. v. Elkins Radio Corp., 278 F.3d. 401, 405 (4th Cir. 2002). Furthermore, the fact that a future CMO may allow for the amendment of pleadings is irrelevant to a Rule 12(c) inquiry. The crux of a Rule 12(c) inquiry is whether no material issue of fact must be resolved and the defendant is entitled to judgment as a matter of law. Plaintiffs do not contend that any material issue of fact needs to be resolved. Thus, the only issue before the Court is a legal issue.

In Missouri, a public school district is a state public entity that may claim sovereign immunity protection in tort actions (including claims of negligence) pursuant to §537.600 R.S.Mo. Joske Corp. v. Kirkwood School District R-7, 903 F.2d. 1199, 1202, n.2 (8th Cir. 1990); Mauzy v. Mexico School District No. 59, 878 F.Supp. 153, 156 (E.D. Mo. 1995);Bosley v. Kearney R-1 School District, 904 F.Supp. 1006, 1025-28 (W.D.Mo. 1995) *aff'd* 140 F.3d. 776 (8th Cir. 1998); State ex. rel. Missouri Dept. of Agriculture v. McHenry, 687 S.W.2d. 178, 182, n.5 (Mo. 1985); Rennie v. Belleview School District, 521 S.W.2d. 423 (Mo. 1975); Patterson v. Meramec Valley R-III School District, 864 S.W.2d. 14, 15 (Mo.App. 1993); Goben v. School District of St. Joseph, 848 S.W.2d. 20, 21 (Mo.App. 1992). Section 537.600 contains only two

(2) exceptions to this grant of sovereign immunity, but neither is at issue here.[2]  Furthermore, the grant of sovereign immunity under §537.600 R.S.Mo. is extended to Boards of Education.  Dale v. Edmonds, 819 S.W.2d. 388, 390 (Mo.App. 1991)("The Board of Education [Board of Education for St. Louis Public School District], as a subdivision of the State, is a public entity which is protected from an action in negligence by sovereign immunity."); Stevenson v. The City of St. Louis School District, et. al., 820 S.W.2d. 609, 61 (Mo.App. 1991)("The Board of Education [Board of Education for St. Louis Public School District], as a subdivision of the State, is a public entity which is protected from an action in negligence by sovereign immunity.").

Plaintiffs make a convoluted argument that the District Defendants are not entitled to sovereign immunity because they are "municipal corporations" under §432.070 R.S.Mo. and therefore, "take the District Defendants outside the implied protection of sovereign immunity afforded by Section 537.600 R.S.Mo. as suggested by the Defendants."  Plaintiffs' Response [18], pg. 4.  This argument is meritless.  Firstly, the plaintiffs fail to cite any Missouri caselaw or statutory authority for this proposition.  The only caselaw cited is Miener v. State of Missouri, 673 F.2d. 969 (8th Cir. 1982)[3].  This case is inapplicable.  The Court was addressing the issue as to whether the Eleventh Amendment bars recovery of damages against a school district or board of education in a damages action under §504 of the Rehabilitation Act.  The Eighth Circuit held that the Eleventh Amendment does not preclude such an award of damages.  The instant case is

---

[2]Sovereign immunity is waived for compensatory damages for negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course of employment; and for injuries caused by a dangerous condition on the public entity's property. §537.600.1(1) and (2) R.S.Mo.; Bartley v. Special School District of St. Louis County, 649 S.W.2d. 864 (Mo. 1983); Mauzy, at 15.  It is well-established that a claim for "negligent supervision" and/or to provide a "safe school environment" does not trigger a waiver of sovereign immunity.  Mauzy, at 15-16 citing Taylor v. Klund, 739 S.W.2d. 592, 593 (Mo.App. 1987).

[3]Plaintiffs incorrectly cite this case as "Miner v. Missouri".

4

not a Rehabilitation Act damages action, nor is the immunity issue arising in the context of the Eleventh Amendment. Moreover, the Miener decision predates all Missouri case law which clearly states that school districts and school boards are entitled to sovereign immunity (barring the statutory exceptions) pursuant to §537.600 R.S.Mo. Finally, the applicability of sovereign immunity to municipal corporations is governed by a governmental/proprietary distinction test (no immunity for proprietary functions but immunity for governmental functions) which is not applicable to school districts. *See*, Joske Corp., at 1202, n.2; McHenry, at 182, n.5; Padilla v. South Harrison R-II School District, 1995 WL 244405, *4 (W.D.Mo. 1995); Carlson v. Midway R-1 School District, 1994 WL 409590, *1, n.2 (W.D.Mo. 1994). Thus, applying Missouri state law to the state law claim of negligence as this Court must do, even if the District Defendants are considered "municipal corporations" under §432.070 R.S.Mo., such a designation does not preclude the applicability of sovereign immunity in tort actions under §537.600 R.S.Mo.

Accordingly,

**IT IS HEREBY ORDERED** that the District Defendants' motion for partial judgment on the pleadings [15] be and is **GRANTED.** Count III of the plaintiffs' complaint is hereby **DISMISSED WITH PREJUDICE**.

Dated this __21st__ day of October, 2009.

_/s/ Stephen N. Limbaugh, Jr._
UNITED STATES DISTRICT JUDGE