**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| T.U., a minor child, by and through her Next Friend, REGINA DAVIS, ET.AL., ) ) ) Plaintiffs, ) ) vs. ) ) THE BOARD OF EDUCATION OF THE ) CITY OF ST. LOUIS, ET. AL., ) ) Defendants. ) | Case No. 4:09CV266SNLJ |

## MEMORANDUM AND ORDER

Minor plaintiffs have filed this multicount §1983 and state-law claims action arising from the alleged sexual harassment/molestation by a former St. Louis public school teacher. This matter is before the Court on the defendants Buie and Williams' partial motion to dismiss [36], filed September 3, 2010. Responsive pleadings have been filed.

On February 17, 2009 the plaintiffs filed their original complaint, including a claim for negligence against defendants Board of Education and the St. Louis Public School District (Count III). On October 21, 2009 this Court granted the District Defendants' motion for partial judgment on the pleadings [15], and dismissed with prejudice Count III against the District Defendants. The Court found that the negligence claim, as contained in Count III, was precluded by the doctrine of sovereign immunity. On May 11, 2010 plaintiffs filed a first amended complaint with a "new" Count III asserting a negligence claim against defendant Herbert L. Buie, in his individual and official capacities, as the former Principal at Pruitt Middle School; and against defendant Dr. Creg E. Williams, in his individual and official capacities, as the former Superintendent of the St. Louis Public School System.

Defendants Buie and Williams seek to dismiss Count III's negligence claim to the extent it is alleged against these defendants in their **official** capacities. Defendants argue that by suing these defendants in their official capacities, the plaintiffs are "back-dooring" a negligence claim against the District Defendants which has already been dismissed with prejudice on the basis of the doctrine of sovereign immunity. Essentially, defendants argue that suing Buie and Williams for a tort in their official capacities is the same thing as suing (again) the District Defendants. Plaintiffs argue that the doctrine of sovereign immunity is inapplicable to school principals or superintendents because they are not public officials.

After careful consideration of the matter, review of the parties' pleadings, and the relevant caselaw, the Court will grant the defendants' motion.

A review of the plaintiffs' brief in opposition and their cited caselaw reveals that the plaintiffs' opposition to the instant motion is based upon the alleged application of **official immunity**, and not **sovereign immunity** as set forth by the instant motion. Furthermore, the plaintiffs appear to believe that the instant motion seeks dismissal of the entire claim of negligence against defendants Buie and Williams, when in fact, the motion only seeks dismissal of the negligence claim against these defendants in the official capacities only.

It is this Court's considered opinion that by suing defendants Buie and Williams in their official capacities, the plaintiffs are seeking (again) relief from the District Defendants based upon a claim of negligence. Since the plaintiffs have alleged that defendants were acting as agents/employees of the District Defendants in their official capacities during the relevant time-period, these defendants are provided the same sovereign immunity protections held by the District Defendants. Betts-Lucas v. Hartmann, 87 S.W.3d. 310, 327 (Mo.App. 2002)("Sovereign immunity, if not waived, bars suits against employees in their official capacity, as such suits are

essentially direct claims against the state."); Edwards v. McNeill, 894 S.W.2d. 678, 682 (Mo.App. 1995); Carter v. Hassell, 2009 WL 3762347, *5 (E.D.Mo. 2009); Taylor v. St. Louis County Board of Election Commissioners, et. al., 2008 WL 250367, *2-*3 (E.D.Mo. 2008); Shell v. Ebker, 2006 WL 1026982, *9-*10 (E.D.Mo. 2006); Brenner v. School Dist. #47, 1987 WL 18819, *4 (E.D.Mo. 1987)(dismissing state tort claims against School Board, Superintendent, and Board members in their official capacities as barred by sovereign immunity). Since the plaintiffs have not plead any of the statutory exceptions to the application of sovereign immunity, and the defendants have not waived their sovereign immunity, the Court finds that the plaintiffs' claim of negligence, as contained in Count III of the amended complaint, is barred under the doctrine of sovereign immunity, and therefore, dismissed with prejudice against defendants Buie and Williams in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' partial motion to dismiss [36] be and is **GRANTED.** Plaintiffs' negligence claim, as contained in Count III of the plaintiffs' amended complaint, is hereby **DISMISSED WITH PREJUDICE** against defendants Buie and Williams in their **official capacities only**.

Dated this   13th   day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE